UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN RAGLAND,

       Plaintiff,

v.

Case No. 2:19-cv-11859
HON. STEPHEN J. MURPHY, III

CORIZON MEDICAL PROVIDERS
INC., et al.,

       Defendants.
_____/

**ORDER PARTIALLY DISMISSING COMPLAINT
AND TRANSFERRING THE CASE TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

On June 24, 2019, Plaintiff Kevin Darnell Ragland filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. ECF 1. Ragland is a state prisoner currently confined at the Lakeland Correctional Facility ("LCF") in Coldwater, Michigan. The court granted him leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Ragland raises claims concerning his medical treatment for back pain following spinal surgery, a potential heart condition, and Hepatitis C and the handling of his grievances regarding the same. Ragland named Corizon Medical Providers, Inc., LCF medical provider Olette, LCF nurse practitioner Jane Williams, the LCF ACMO coordinator, the Michigan Department of Corrections ("MDOC") director, Saginaw Correctional Facility Nurse Patricia Lamb, and Jackson medical provider Jamsen as the defendants in this action. He seeks monetary

1

damages and injunctive relief. For the reasons stated herein, the Court will partially dismiss the complaint and transfer this case to the United States District Court for the Western District of Michigan.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees when it determines the case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A pro se complaint should be liberally construed and held to a "less stringent standard" than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a pro se complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a

2

person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Additionally, a plaintiff must allege facts indicating that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333–36 (1986).

Ragland named Saginaw Correctional Facility Nurse Patricia Lamb and Jackson medical provider Jamsen as two of the defendants in this action. Ragland, however, failed to make any factual allegations against those two defendants in the body of his complaint, and he did not allege facts showing that those defendants personally engaged in unconstitutional conduct. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691–92 (1978); *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Moreover, conclusory allegations are insufficient to state a civil rights claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Ragland failed to state a claim against defendants Lamb and Jamsen in his complaint. His complaint as to those defendants must therefore be dismissed.

The remaining defendants (with the exception of Corizon Medical Providers, Inc. for whom no address is provided) reside in Coldwater, Michigan and Lansing, Michigan and most of the actions giving rise to the remaining claims in the complaint appear to have occurred there as well. Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

Venue in general. A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. 28 U.S.C. § 1406(a). Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). A court may sua sponte transfer a case based upon venue. *Carver v. Knox*

*County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

Ragland resides in Coldwater, Michigan, the remaining defendants (with the exception of Corizon Medical Providers, Inc.) reside in Coldwater, Michigan and Lansing, Michigan, and most of the actions giving rise to the remaining claims in the complaint appear to have occurred there. Coldwater, Michigan lies in Branch County and Lansing, Michigan lies in Ingham County, both of which are located in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Venue for purposes of the remaining complaint is therefore more proper in the United States District Court for the Western District of Michigan and that District is a more convenient forum for this action.

**CONCLUSION**

For the reasons stated, the Court concludes that Ragland fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to defendants Lamb and Jamsen in his pleadings. Accordingly, the Court will dismiss the civil rights complaint as to those defendants. The Court further concludes that, as to the remaining defendants and claims, venue is more proper in the United States District Court for the Western District of Michigan and that District is a more convenient forum for this action. Accordingly, the Court will transfer this case to the United States District Court for the Western District of Michigan for further consideration. The Court makes no determination as to the merits of Ragland's claims against the remaining defendants.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's complaint is **DISMISSED** as to Defendants Lamb and Jamsen.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **TRANSFER** the case to the United States District Court for the Western District of Michigan for further consideration.

**SO ORDERED.**

                                                  s/ Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: June 28, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 28, 2019, by electronic and/or ordinary mail.

                                                  s/Kim Grimes
                                                  Acting in the absence of
                                                  David Parker Case Manager